CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
MAY 18 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:07CR00015 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| ANGEL MARTINEZ-ALVARADO, | ) | |
| | ) | |
| | ) | By:  B. WAUGH CRIGLER |
| Defendant. | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's

consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury has returned a single count Indictment charging defendant in Count One with

being an alien who had previously been deported from the United States to El Salvador on August

2, 2004, did knowingly and intentionally enter the United States and was found in the United States

at Winchester, Virginia, without having obtained the consent of the Attorney General of the United

States or his successor, the Secretary of Homeland Security, to re-apply for admission into the United

States, all in violation of Title 8, United States Code, Section 1326(a) and Title 18, United States

Code, Section 2.

On May 16, 2007, a plea hearing was conducted before the undersigned, and the defendant

entered a plea of guilty to Count One of the Indictment. At this hearing the defendant was placed

under oath and testified his full legal name is Angel Martinez-Alvarado and that he was born on

October 22, 1981 in El Salvador.  The defendant informed the court that he has had no formal

education.  The defendant further informed the court that has been in the United States for almost

three years. The defendant stated that he can understand a "little bit" of the English language.[1] The defendant stated that he was fully aware of the nature of the charges against him and the consequence of pleading guilty to those charges. The defendant further testified that he was not under the influence of alcohol, medicine, or any drug. The defendant stated that he had no other physical or mental condition which impaired his ability to understand the nature of the proceedings being held. The defendant's counsel stated that she had no reservations as to the defendant's competency to enter a plea of guilty to the offense.

The defendant testified that he had received a copy of the Indictment pending against him and that he had fully discussed the charges therein, and his case in general, with his counsel. The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty of the offense charged. The defendant also stated that no one had made any promises, assurances, or threats to him in an effort to induce his plea. The defendant testified that he understood that the offense with which he is charged in Count One is a felony and that, if his plea is accepted, he will be adjudged guilty of that offense. Moreover, the defendant testified that he understood that he will be required to pay a mandatory assessment of $100.

The defendant was informed that the maximum possible penalty provided by law for the offense with which he is charged in Count One, is two years imprisonment and a fine of $250,000. The defendant was further informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence in a criminal case. The defendant was then informed that, in light of the United States Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the sentencing guidelines are no longer

---

[1]An interpreter assisted the defendant during the hearing.

mandatory but that the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the sentencing guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the guidelines. He stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him and that the court has the authority to impose a sentence that is either higher or lower than that called for by the guidelines, so long as the sentence is not greater than the statutory maximum for the offense to which the defendant is pleading guilty. The defendant stated that he knew that parole had been abolished and that if he is sentenced to prison he will not be released on parole but on supervised release[2], a violation of which could result in additional incarceration.

The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear and cross-examine witnesses;
5. The right to call witnesses to testify in his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;
6. The right to decline to testify unless he voluntarily elects to do so in his own defense;
7. The right to a unanimous guilty verdict; and
8. The right to appeal a guilty verdict.

---

[2] The defendant was informed that once his sentence has been served, it is likely he will be deported to the country of his nationality.

3

The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.[3]

The defendant stated that he was fully satisfied with the advice and representation given to him in this case by his counsel. The defendant also stated that he believed his counsel's representation had been effective. The defendant testified that he understood the possible consequences of his plea. The defendant asked the court to accept his plea of guilty to Count One of the Indictment.

**THE GOVERNMENT'S EVIDENCE**

The defendant waived his right to have the government's Factual Summary read in open court and had no objection to the Summary. The Factual Summary having been filed in open court, the evidence presented therein regarding the offense charged is as follows:

On March 14, 2007, ICE and Investigators from the Leesburg Police Department and the Northwestern Virginia Regional Gang Task Force obtained a state court search warrant for 105 Everett Place, Winchester, Virginia in relation to a malicious wounding that occurred in Leesburg, Virginia.

Upon executing the search warrant at 105 Everett Place, Winchester, Virginia, Investigators and Special Agents encountered a white pick up truck outside of the target residence that was occupied by two Hispanic males. The passenger of the vehicle, later identified as Angel MARTINEZ-ALVARADO, was thought to be Serafin ALVARADO, who was the subject of the search warrant, until ICE Special Agent Shatarsky was able to identify the individual as MARTINEZ-ALVARADO. ICE indices checks also revealed that MARTINEZ-ALVARADO was illegal and had been deported prior to this encounter.

---

[3]The defendant would not possess these rights which appertain only to citizens.

4

ICE Special Agent Shatarsky interviewed MARTINEZ-ALVARADO to determine alienage and deportability and MARTINEZ-ALVARADO admitted that he was deported in 2004. MARTINEZ-ALVARADO also stated that he was not a native or citizen of the United States.

ICE indices checks revealed that on June 14, 2005, MARTINEZ-ALVARADO was arrested by ICE in Leesburg, Virginia as an alien illegally and unlawfully in the United States. At that time, MARTINEZ-ALVARADO stated that he was a citizen and national of El Salvador, and of no other country, who was in the United States illegally and unlawfully. MARTINEZ-ALVARADO was deported to El Salvador on August 2, 2004.

ICE indices checks revealed that MARTINEZ-ALVARADO did not receive the consent of the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States. ICE indices checks do not show that a visa or other valid entry documents have been issued to MARTINEZ-ALVARADO. These searches further revealed that MARTINEZ-ALVARADO is a citizen of El Salvador who was previously deported from the United States to El Salvador on August 2, 2004. A photograph of MARTINEZ-ALVARADO was taken during his arrest in June 2004 and it is an exact match with MARTINEZ-ALVARADO that was arrested on March 14, 2007.

Based on the information obtained from the indices checks, MARTINEZ-ALVARADO was determined to be an illegal alien and was taken into administrative custody. At that time fingerprints of MARTINEZ-ALVARADO were also run which revealed his prior arrest and deportation.

**FINDINGS OF FACT**

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

5

1. The defendant is fully competent and capable of entering an informed plea;

2. The defendant is aware of the nature of the charges and the consequences of his plea;

3. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Indictment; and

4. The evidence presents an independent basis in fact containing each of the essential elements of the offense to which the defendant is pleading guilty.

## RECOMMENDED DISPOSITION

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One and adjudge him guilty of that offense. The undersigned further DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for August 13, 2007 at 11:00 a.m. before the presiding District Judge in Harrisonburg.

## NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within ten days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

6

Failure to file timely written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

The Clerk is hereby directed to send certified copies of this Report and Recommendation to all counsel of record.

ENTERED: _____
United States Magistrate Judge

_5-18-07_____
Date

7